### SMITH v. ISAACS.
Title to lands by a fifteen years' possession, may be acquired, under certain circumstances, without being actually inclosed by a fence.

ACTION of ejectment for a piece of land. Plea not guilty. Issue to the jury.

Case was — Deodat Johnson owned a tract of land containing this and as much more lying together with it: The defendant and Benjamin Douglass late of New Haven, purchased of said Johnson the whole of said lands between them, each paid one-half of the purchase money and were to have one-half of the land: That for some reasons, a deed was given

of the whole land to said Douglass: That said Douglass and Isaacs soon, after and more than fifteen years before the date and impetration of the plaintiff's writ, run a division line between their several parts and improvements, and that said land has ever since been used, improved and possessed by the defendant, in severalty, excluding said Douglass and all claiming under him and all others therefrom; and said Douglass and those claiming under him have improved the other moiety up to said division line in severalty, but no fence was ever erected on said line.

Question of law upon the facts aforesaid was — Whether this was such a possession under all the circumstances as barred the plaintiff by force of the statute. Verdict for the defendant.

By the Court. The reason which the statute goes upon is, that, a fifteen years' possession, taking all the profits, and holding all others out, and the owner, being under no incapacity, looking on, and making no claim or challenge, during that period, furnishes the strongest evidence, arising from the acts of both parties, that the right of property is in the possessor, and all persons are estopped from laying claim to it. Lands being inclosed within a fence, is evidence, though not the only evidence, of the possessor's having appropriated it to himself in exclusion of all others; for this may be proved by other evidence, as the case may be circumstanced, and as the present case is.

Judgment for the defendant.